IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| AARON LEWIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 12-3214 |
| ) | |
| TARRY WILLIAMS, Warden, ) | |
| Western Illinois Correctional Center, ) | |
| ) | |
| Respondent. ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

Pending before the Court is the Petition of Aaron Lewis for Writ of Habeas Corpus under 28 U.S.C. § 2254. Pending also Respondent's Motion for Summary Judgment.

I. INTRODUCTION

Petitioner Aaron Lewis raises several grounds which he claim entitles him to relief under 28 U.S.C. § 2254. First, he contends that the State presented insufficient evidence to convict him of murder. The Petitioner alleges that based on the State's exclusion of three African-American jurors, he was denied the Equal Protection of the laws. He further alleges that his

trial counsel was ineffective by failing to exclude one juror on the panel because that juror knew the victim's sister. Next, the Petitioner asserts that the trial court violated his due process rights when it allowed him to be led in to the courtroom fully shackled at the feet. The Petitioner further asserts that his appellate counsel's failure to file an appellate brief constituted a denial of the effective assistance of counsel.

The Respondent contends that the § 2254 petition is untimely under AEDPA's one-year statute of limitations and seeks the entry of summary judgment on that basis. Alternatively, the Respondent asserts that all of the claims are procedurally defaulted and should be denied. Moreover, one claim is not cognizable in habeas corpus.

## II. BACKGROUND

Petitioner Aaron Lewis is in the custody of Tarry Williams, Warden of Western Illinois Correctional Center in Mt. Sterling, Illinois. In 2000, the Petitioner was convicted of first degree murder and sentenced to 30 years imprisonment. *See People v. Lewis*, No. 5-00-0305 (Ill. App. May 23, 2001) (Rule 23 Order). A review of the Petitioner's brief on direct appeal

shows that Petitioner raised no issue related to this federal habeas petition. The Illinois Appellate Court, Fifth District, affirmed the Petitioner's conviction and sentence. The Petitioner filed a petition for leave to appeal (PLA) in the Illinois Supreme Court which also did not raise any issue related to his federal petition, and the Illinois Supreme Court denied the PLA on October 3, 2001.

On April 3, 2002, the Petitioner filed a counseled state post-conviction petition, *see* 725 ILCS 5/122-1, *et seq.*, raising one claim asserted in his federal petition: that the evidence was insufficient to prove his guilt. *See* Petition for Postconviction Relief, *People v. Lewis*, No. 98 CF 1592. The Petitioner then filed a pro se supplemental petition raising two additional claims which are asserted in this federal habeas petition: (1) that the presence of a biased juror violated his right to a fair trial and his trial counsel was ineffective for failing to strike that juror; and (2) that his due process rights were violated when he appeared in shackles before the jury. Finally, his counsel filed an amended post-conviction petition, again arguing that the evidence was insufficient to convict. On August 5, 2011,

3

the trial court dismissed the petition on the State's motion. The Petitioner received notice of the dismissal on September 5, 2011.

On October 4, 2011, the Petitioner placed in the prison mail system a late notice of appeal. On November 4, 2011, the Illinois Appellate Court, Fifth District, ordered the Petitioner to file the supporting record and explain why his notice of appeal was untimely. The Petitioner's appointed appellate counsel did not comply with that order and, on November 18, 2011, the appellate court dismissed the appeal. On December 19, 2011, the Petitioner's appointed appellate counsel moved to reconsider the order of dismissal, but that motion was stricken as untimely on December 27, 2011.[1] Counsel for the Respondent contacted the clerk's office of the Illinois Supreme Court, who confirmed that Petitioner did not file a PLA from the judgment dismissing the post-conviction appeal.

On August 6, 2012, the Petitioner filed the instant § 2254 petition.

---

[1] The § 2254 petition includes correspondence and affidavits from the Petitioner's appointed appellate counsel, who took responsibility for the failure to comply with the November 4, 2011 and the untimeliness of the motion to reconsider.

The Petitioner has exhausted his state court remedies. The Respondent asserts that the petition is untimely.

### III. DISCUSSION

The Respondent alleges that the § 2254 petition should be dismissed with prejudice because it is untimely under 28 U.S.C. § 2244(d)(1), which imposes a one-year statute of limitations for filing habeas petitions. The Petitioner does not allege a state-created impediment to filing, a newly-recognized and retroactive constitutional right or a subsequent discovery of the factual predicate of a claim. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Therefore, the date on which the Petitioner's conviction became final is the only applicable date on which to start § 2244(d)(1)'s one-year limitations period. *See* 28 U.S.C. § 2244(d)(1)(A).

Because the Petitioner did not file a petition for writ of habeas corpus in the United States Supreme Court after his direct appeal proceedings concluded on October 3, 2001, the statute of limitations began to run 90 days after that date, on January 1, 2002. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *Lozano v. Frank*, 424 F.3d 554, 555 (7th Cir. 2005).

The limitations period ran from January 1, 2002, until April 3, 2002, when the Petitioner filed his state post-conviction petition, for a total of 92 days. Because there is nothing in the record tending to show that the post-conviction petition was not "properly filed," the limitations period was tolled during the pendency of that post-conviction petition. *See* 28 U.S.C. § 2244(d)(2); *Griffith v. Rednour*, 623 F.3d 1166, 1167 (7th Cir. 2010). The limitations period began to run again on August 5, 2011, when the post-conviction petition was dismissed.[2]

The Petitioner's unsuccessful attempts to file a late notice of appeal do not entitle him to further statutory tolling because the appeal was not "properly filed." *See* 28 U.S.C. § 2244(d)(2). If the state courts had granted him leave to file a late notice of appeal, he would be entitled to such tolling because the appeal would have been "properly filed." *See*

---

[2]The Seventh Circuit has not yet decided whether the 30-day period between the dismissal and the due date for a petitioner's notice of appeal may be tolled under § 2244(d)(2). *See Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008) (citing *Fernandez v. Sternes*, 227 F.3d 977, 980 (7th Cir. 2000)). The issue need not be determined in deciding timeliness in this case.

*Fernandez v. Sternes*, 227 F.3d 977, 979-80 (7th Cir. 2000). Because the state courts denied leave, the Petitioner did not satisfy a pre-condition to filing and his appeal was not "properly filed" under § 2244(d)(2). *See id.* at 980 ("it is not sensible to say that the petition continues to be "pending" after the time for further review has expired without action to continue the litigation").

The Petitioner did not file this § 2254 petition until August 16, 2012, 377 days after the dismissal of his post-conviction petition. When added to the 92 days of non-tolled time that elapsed between the end of his direct appeal proceedings and the filing of the post-conviction petition, a total of 469 non-tolled days ran on the limitations period, rendering his petition late.

In his Response to the Motion for Summary Judgment, the Petitioner claims that the delay is not due to his negligence. Rather, he states it is due to the culpable negligence of his attorney, Rita M. Anderson. The Petitioner claims that counsel's deficient performance prejudiced his rights to meaningfully appeal. He alleges her errors were so serious that counsel

was not functioning as such, thereby denying him his Sixth Amendment right. However, § 2244(d) does not allow calculation of the limitations period to be affected by attorney inaction.

The United States Supreme Court has held that § 2244(d) is subject to equitable tolling in appropriate cases. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A petitioner is not entitled to equitable tolling unless he shows (1) he has been pursuing his rights diligently; and (2) an "extraordinary circumstance" prevented a timely filing. *See id*. at 2562.

The Court is unable to conclude the Petitioner has established that he is entitled to equitable tolling. He did not diligently pursue his rights in filing his habeas petition. After the Illinois Appellate Court dismissed the Petitioner's post-conviction appeal on November 18, 2011, he did not file a PLA in the Illinois Supreme Court. In fact, he filed nothing after the end of that appellate litigation until he filed his federal habeas petition eight months later. The Court concludes this is not consist with the diligent pursuit of his rights.

The Petitioner has also failed to show that any extraordinary

8

circumstance prevented the timely filing of his federal habeas petition. The admitted errors of his post-conviction appellate counsel do not constitute an "extraordinary circumstance." *See Powell v. Davis*, 415 F.3d 722, 727 (7th Cir. 2005)(noting that despite any state rules on right to counsel at post-conviction stage of proceedings, there is no federal right and attorney negligence is attributable to the client and thus is not a circumstance beyond a petitioner's control that might excuse untimeliness); *see also Modrowski v. Mote*, 322 F.3d 965, 967-68 (7th Cir. 2003).

Although "a lawyer's 'egregious behavior' satisfies th[e] standard" for tolling, "neither 'a garden variety claim of excusable neglect' nor a 'miscalculation' about the time available for filing is an 'extraordinary circumstance.'" *See Griffith*, 614 F.3d at 331 (quoting *Holland*, 130 S. Ct. at 2252-53). The Court finds that the errors acknowledged by post-conviction counsel–the failure to file a timely notice of appeal and failing to file a timely motion to reconsider the dismissal of the appeal–do not rise to the level of egregious behavior which satisfies the standard for tolling.

Based on the foregoing, the Court concludes that the § 2254 petition was filed beyond the limitations period provided by § 2244(d)(1)(A). Because the Petitioner has not shown he is entitled to equitable tolling, the habeas petition will be dismissed with prejudice.

The Court further concludes that, even if the petition had been filed within the limitations period, the Petitioner would still not be entitled to any relief. His claim of ineffectiveness of post-conviction appellate counsel would fail because, "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." *See* 28 U.S.C. § 2254(i).

Additionally, even if timely, all five of the Petitioner's claims would have been procedurally defaulted because they were not raised in one complete round of state court review. Because the Petitioner did not file a PLA in the Illinois Supreme Court following the post-conviction appeal, the claims were procedurally defaulted. *See Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007) (in Illinois, one complete round of appellate review

includes appeal to the Illinois Appellate Court and Illinois Supreme Court); *White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999) (failure to raise post-conviction claims in discretionary appeal to highest state court results in procedural default).

To the extent that Petitioner claims his default should be excused under the "fundamental miscarriage of justice exception," the Court disagrees. "The fundamental–miscarriage–of–justice exception applies only in the 'extremely rare' and 'extraordinary case' where the petitioner is actually innocent of the crime for which he is imprisoned." *Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir. 2003) (citation omitted). The Petitioner does not point to any new evidence which meets this exacting standard.

## IV. CONCLUSION

The claims in the § 2254 petition are time-barred under § 2244(d)(1)(A). Accordingly, the Respondent is entitled to summary judgment on all of the Petitioner's claims. Even if the claims were not time-barred, summary judgment would be warranted because the Petitioner has procedurally defaulted the claims.

Having concluded that Petitioner has not made a substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2), the Court hereby Denies a certificate of appealability pursuant to Rule 11 of the Rules Governing Habeas Corpus Cases Under Section 2254.

Ergo, the Petition of Aaron Lewis for a Writ of Habeas Corpus under 28 U.S.C. § 2254 [d/e 1] is DENIED.

The Motion of Respondent Tarry Williams for Summary Judgment [d/e 15] is ALLOWED.

Pursuant to Rule 11 of the Rules Governing Habeas Corpus Cases Under Section 2254, the Court DENIES a Certificate of Appealability to the Petitioner.

Case Closed.

ENTER: July 26, 2013

          FOR THE COURT:

                                                          _s/Richard Mills_
                                                          Richard Mills
                                                          United States District Judge